**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BIGFOOT 4x4, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No. 23-cv-1780 <br><br> Judge Jeremy C. Daniel |

**FINAL JUDGMENT ORDER**

This action having been commenced by BIGFOOT 4x4, INC. ("BIGFOOT" or "Plaintiff") against the defendants identified in the attached Amended Schedule A and using the Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified in Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants and asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the remaining Defaulting Defendants having answered the Complaint or appeared in any way and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois.  Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of BIGFOOT Trademarks which are protected by U.S. Trademark Registration Nos. 1,228,960 and 1,387,617 for "BIG FOOT"; Registration Nos. 1,433,779; 1,973,606; and 3,125,288 for the "BIGFOOT"; and Registration No. 3,641,155 for the "BIGFOOT 4X4" (collectively, the "BIGFOOT Trademarks").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the BIGFOOT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution,

marketing, advertising, offering for sale, or sale of any product that is not a genuine BIGFOOT Product or is not authorized by Plaintiff to be sold in connection with the BIGFOOT Trademarks;

b.    passing off, inducing, or enabling others to sell or pass off any product as a genuine BIGFOOT Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the BIGFOOT Trademarks;

c.    committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.    further infringing the BIGFOOT Trademarks and damaging Plaintiff's goodwill;

e.    shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the BIGFOOT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

f.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

g.    operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the BIGFOOT Trademarks or any reproduction, counterfeit copy or colorable

imitation thereof that is not a genuine BIGFOOT Product or is not authorized by Plaintiff to be sold in connection with the BIGFOOT Trademarks.

2. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of twenty-five thousand dollars ($25,000) for willful use of BIGFOOT Trademarks on counterfeit products sold through the Defendant Internet Stores.

3. Amazon shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

4. All monies currently restrained in Defaulting Defendants' financial accounts held by Amazon, are hereby released to Plaintiff as partial payment of the above-identified damages, and Amazon is ordered to release to Plaintiff the amounts from Defaulting Defendants Amazon accounts within ten (10) business days of receipt of this Order.

5. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon if any new Amazon accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon shall within five (5) business days:

   a  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon accounts;

   b  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c   Release all monies restrained in Defaulting Defendants' Amazon accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

6.    Walmart.com, Inc. ("Walmart") shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

7.    All monies currently restrained in Defaulting Defendants' financial accounts held by Walmart are hereby released to Plaintiff as partial payment of the above-identified damages, and Walmart is ordered to release to Plaintiff the amounts from Defaulting Defendants Walmart accounts within ten (10) business days of receipt of this Order.

8.    Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Walmart if any new Walmart accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Walmart shall within five (5) business days:

    a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Walmart accounts;

    b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c   Release all monies restrained in Defaulting Defendants' Walmart accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9.     eBay shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

10.    All monies currently restrained in Defaulting Defendants' financial accounts held by eBay, are hereby released to Plaintiff as partial payment of the above-identified damages, and eBay is ordered to release to Plaintiff the amounts from Defaulting Defendants eBay accounts within ten (10) business days of receipt of this Order.

11.    Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on eBay if any new eBay accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, eBay shall within five (5) business days:

    a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any eBay accounts;

    b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c   Release all monies restrained in Defaulting Defendants' eBay accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

12.    PayPal shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

13. All monies currently restrained in Defaulting Defendants' financial accounts held by PayPal, are hereby released to Plaintiff as partial payment of the above-identified damages, and PayPal is ordered to release to Plaintiff the amounts from Defaulting Defendants PayPal accounts within ten (10) business days of receipt of this Order.

14. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on PayPal if any new PayPal accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, PayPal shall within five (5) business days:

   a  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any PayPal accounts;

   b  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c  Release all monies restrained in Defaulting Defendants' PayPal accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

15. Payoneer shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

16. All monies currently restrained in Defaulting Defendants' financial accounts held by Payoneer, are hereby released to Plaintiff as partial payment of the above-identified damages, and Payoneer is ordered to release to Plaintiff the amounts from Defaulting Defendants Payoneer accounts within ten (10) business days of receipt of this Order.

17. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Payoneer if any new Payoneer accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Payoneer shall within five (5) business days:

   a  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Payoneer accounts;

   b  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c  Release all monies restrained in Defaulting Defendants' Payoneer accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order. Payoneer shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

18. Joom shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

19. All monies currently restrained in Defaulting Defendants' financial accounts held by Joom, are hereby released to Plaintiff as partial payment of the above-identified damages, and Joom is ordered to release to Plaintiff the amounts from Defaulting Defendants Joom accounts within ten (10) business days of receipt of this Order.

20.   Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Joom if any new Joom accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Joom shall within five (5) business days:

    a   Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Joom accounts;

    b   Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c   Release all monies restrained in Defaulting Defendants' Joom accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order. Joom shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

21.   The ten-thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to counsel of record for Plaintiff, Michael A. Hierl of Hughes Socol Piers Resnick & Dym, Ltd. at Three First National Plaza, 70 W. Madison Street, Suite 4000, Chicago, IL 60602. This is a Final Judgment.

Dated: September 29, 2023

_____
Jeremy C. Daniel
United States District Judge

**AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
| --- | --- |
| 1 | eldara96 |
| 2 | naor6_22 |
| 4 | children club |
| 5 | Redddits |
| 6 | wuyuan |
| 7 | yejiamin |
| 11 | BestYo.Co.Ltd |
| 12 | CENSENG Co., Ltd. |
| 13 | Convenience Plus Store |
| 15 | DOHEMER Co., Ltd. |
| 19 | FYSRMAY Co., Ltd |
| 20 | GamyXI Co.Ltd |
| 21 | Gejunyong E-commerce Co., Ltd. |
| 22 | Good Neighbor Store |
| 23 | good stuff store |
| 24 | GRANDBAY Co. Ltd |
| 25 | guangzhoudawohuimaoyi |
| 26 | guangzhoufeiyiyimaoyi |
| 28 | HIABIO Co.,Ltd |
| 29 | HISUNTON |
| 30 | HOMSINO Co., Ltd |
| 31 | HOMSOM Co.Ltd |
| 38 | jue jiang yao |
| 41 | JUNEONCE |
| 43 | Lion cub |
| 52 | Newlyfond |
| 53 | NingCheng Co.Ltd |
| 54 | NouXYang Co. Ltd |
| 56 | PAPADA |
| 57 | Partygee |
| 58 | Paxton Top |
| 59 | PHONIUSER |
| 65 | SHAWSEN Co. Ltd |
| 68 | Snowilla |
| 69 | Surprised zr |
| 74 | VIRGINE |
| 76 | WAYHERO Co.Ltd |
| 78 | Xiang Shenhong Store |

| 79 | Xiangyutai Store |
|---|---|
| 81 | YHAOTP |
| 82 | YIWANS Co., Ltd. |
| 83 | Yootye Co.,Ltd |
| 86 | YUEWAY |
| 87 | YUTIPGER |
| 90 | ZIYORK CO., LTD |
| 91 | city_market_4 |
| 93 | jyd-nan |
| 94 | menhouse_1 |
| 95 | qunyijiaju |
| 96 | rcrover-us |
| 97 | ruiwayrc |
| 98 | sacnade11 |
| 99 | startabc |
| 100 | tang2-22 |
| 101 | ALDSJKLJKA |
| 102 | Aliwnvo |
| 103 | dengzhoushiliuyanshangmaoyouxiangongsi |
| 104 | feiyigongzuoshi |
| 105 | Litailong |
| 106 | Ls-Shop |
| 107 | WFCYDJJ |
| 108 | Xianlangyubaihuojingxiaoshang |
| 109 | YEYEP |
| 111 | BX ONE |
| 112 | FanHang Sports equipment |
| 113 | JINIE LIFE |
| 114 | limingcheng |
| 115 | YangToy |
| 116 | YAO moon |
| 118 | CM |
| 123 | DEOZHE |
| 125 | DimensionPai |
| 126 | DOYOUNG Co.Itd |
| 127 | FanTingh Co. Ltd |
| 131 | Henuo Technology Co., Ltd. |
| 132 | HLW |
| 136 | Krqap |
| 138 | LAIQIANKUA |
| 141 | MianYangYaXinLiKeJiYouXianGongSi |

| 143 | MUSUPER Co., Ltd |
|-----|-------------------|
| 146 | Phyachelo Home Furnishing |
| 149 | Ruirun Maternity Co. Ltd |
| 158 | TIERPOP |
| 159 | TM |
| 160 | Tuo Yu |
| 161 | TYLBkk.CLEARANCE |
| 164 | WARIGOOD Co.Ltd |
| 166 | XINYTEC Co.Ltd |
| 167 | YAZHIYY Co. Ltd |
| 170 | ZENTREE Co.Ltd |
| 173 | Zoe Home Store |
| 174 | ZQ |